UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DAVID PAUL CHAISON, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:09mc0133 |
|  | ) Judge Campbell |
| CITY OF SPRINGFIELD POLICE DEPARTMENT, ET AL., | ) |
| Defendants. | ) |

3 09 0563

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Robertson County Detention Facility in Springfield, Tennessee. He brings this action under 42 U.S.C. § 1983 against the City of Springfield Police Department (the Springfield Police Department), and Officer J. Head. Officer Head is alleged to have been employed by the Springfield Police Department at the time of the alleged events that gave rise to this action. The plaintiff seeks money damages and injunctive relief, alleging that Officer Head violated his rights under the Fourth Amendment.

The plaintiff asserts that Officer Head apprehended him when he tried to escape after burglarizing a grocery store in Springfield. (Docket Entry No. 1, ¶ IV, p. 5) The plaintiff claims that, in the process of taking him into custody, Officer Head slammed his face onto the concrete floor, and stomped him in the back. (Docket Entry No. 1, ¶ IV, p. 5) According to the plaintiff, he suffered broken ribs as well as lacerations, abrasions, and bruises to his nose and left eye. (Docket Entry No. 1, ¶ IV, p. 5)

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535

(1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

"Persons" exposed to legal liability under § 1983 include municipal corporations and other "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 688 (1978) and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)(*per curiam*). A police department is not a body politic and, as such, it is not a "person" within the meaning of § 1983. *See Petty v. County of Franklin, Ohio* 478 F.3d 341, 347 (6th Cir. 2007); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Timberlake by Timberlake v. Benton*, 786 F.Supp. 676, 682-83 (M.D. Tenn. 1992).

Because the Springfield Police Department is not a "person" within the meaning of § 1983, the plaintiff cannot satisfy the second part of the two-part test under *Parratt, supra*. Because the plaintiff cannot make a *prima facie* showing that the Springfield Police Department is liable under § 1983, his claim against the Springfield Police Department will be dismissed for failure to state a claim on which relief may be granted.

2

Case 3:09-cv-00563    Document 4    Filed 06/18/09    Page 2 of 3 PageID #: 14

Regarding the plaintiff's claim against Officer Head, whether a law enforcement officer has used excessive force in making an arrest depends on whether the officer's conduct is "objectively reasonable" in light of the existing facts and circumstances. *See Scott v. Harris*, 550 U.S. 372, 381 (2007)(citing *Graham v. Conner*, 490 U.S. 386, 388 (1989)). The plaintiff's claims against Officer Head are not facially frivolous. Therefore, process shall issue to Officer Hunter.

An appropriate order will be entered.

Todd Campbell
United States District Judge