# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DAVID PAUL CHAISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 3:09-0563 |
| ) | JUDGE ECHOLS/KNOWLES |
| ) | |
| JASON HEAD, Individually and in his ) | |
| official capacity, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The pro se Plaintiff, an inmate in the custody of the Tennessee Department of Correction, has submitted a letter to the Clerk dated 09/18/09. Docket No. 16. The letter raises several issues, the most important of which refers to a Notice of Deposition and an accompanying subpoena for a third-party witness, Cynthia Summers. Docket Nos. 16, 16-1. The Notice advises that Defendant will take the deposition of Ms. Summers on October 12, 2009, beginning at 10:00 a.m., at the office of Defendant's counsel. The Notice states, "You are invited to attend and cross-examine."

In his letter, Plaintiff states:

> Also, I received a copy of the defense's subpoena to Cynthia Summers for deposition. It invited me to attend the deposition. How can I arrange to be brought to the deposition in order to cross-examine the witness? Please respond.

Docket No. 15.

The Court will treat the referenced portion of Plaintiff's letter as a Motion for Protective

Order under Fed. R. Civ. P. 26(c).  Defendant shall file a response to that Motion on or before October 9, 2009, a noon.[1]

The Court also notes that the subpoena accompanying the Notice may be defective.  The first page of the subpoena identifies the witness as Cynthia Summers.  Docket No. 16-1, p. 1.  The second page, however, in a section headed "Proof of Service," states in part: "This subpoena for (*name of individual and title, if any*) Kaleb Moon (stepson) was received by me on (*date*) 9-11-09."  The Proof of Service further states in part, "I personally served the subpoena on the individual . . . ."  *Id.*  It is, therefore, unclear whether Ms. Summers has been served with the subpoena.

Additionally, there is nothing in the record to indicate that the appropriate witness fee and mileage amount was tendered to Ms. Summers.

Plaintiff also raises another issue in the letter:

> I did not receive a response to my most recent letter concerning evidence and witnesses in my case.  How can I, without legal representation, subpoena evidence and witnesses and conduct depositions?
>
> Please Respond.

Docket No. 15.

Pursuant to Local Rule 77.02, the Clerk and his employees are not permitted to give legal advice.  Moreover, it is not the function of the Court to assist Plaintiff, or Defendant either, for that matter.  The Court understands that Plaintiff is not an attorney and that he is incarcerated.  If

---

[1] The short time frame is necessitated by the fact that the deposition is set for October 12, 2009, which is a federal holiday.  If Defendant wishes to postpone the deposition, the Court can allow more time for Defendant to respond.

he wishes to proceed with this action, however, he must prosecute his case in accordance with the Court's Local Rules and the Federal Rules of Civil Procedure as best he can.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge

3