IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID PAUL CHAISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 3:09-00563 |
| vs. ) | JUDGE CAMPBELL / KNOWLES |
| ) | |
| ) | |
| JASON HEAD, individually and in his official ) | |
| capacity, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Defendant's Motion for Summary Judgment. Docket No. 30. Defendant has additionally submitted a supporting Memorandum of Law (Docket No. 32), a Concise Statement of Material Facts (Docket No. 31), Defendant's Affidavit (Docket No. 30-1), and numerous Exhibits (Docket Nos. 30-2 - 30-9).

Plaintiff has failed to respond.

Plaintiff filed this pro se action pursuant to 42 U.S.C. § 1983, alleging that his Fourth Amendment rights were violated when Defendant utilized excessive force in effecting his arrest. Docket No. 1. Specifically, Plaintiff avers that Defendant "grabbed him by his collar and slammed him, face down, onto the concrete floor of the [walk-in] refrigerator, causing abrasions, lacerations and bruising to the Plaintiff's face in the areas of his nose, left eye and eyebrow." *Id.* Plaintiff also avers that, "Defendant stomped with his boot on the left side of Plaintiff's back

1

causing fractures to the Plaintiff's ribs on the upper left side." *Id.*

Plaintiff seeks punitive damages, "pain and suffering," "dismiss the criminal charges against [him]," "reprimand, suspend or dismiss Officer Head," and "mental anguish." *Id.*

Defendant filed the instant Motion for Summary Judgment and supporting materials arguing that Plaintiff cannot establish a sustainable claim under 42 U.S.C. § 1983 against Defendant in his individual capacity because Plaintiff's Fourth Amendment right to be free from unreasonable seizures was not violated. Docket No. 32. Defendant further argues that Plaintiff cannot establish a sustainable claim under 42 U.S.C. § 1983 against Defendant in his official capacity because a claim against Defendant in his official capacity is the equivalent of a claim against the City of Springfield, Tennessee and Plaintiff has failed to allege the existence of a constitutionally deficient City of Springfield official policy, practice, or custom that caused a violation of his Constitutionally protected rights. *Id.*

For the reasons set forth below, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED.

## II. Undisputed Facts[1]

On the morning of Sunday, April 19, 2009, Defendant arrested Plaintiff inside a walk-in cooler at the back of a Sav-A-Lot grocery store located at 2005B Memorial Boulevard, Springfield, Tennessee. Def. Aff. ¶¶ 8-9; Docket No. 1. Plaintiff was burglarizing the grocery store at the time Defendant arrested him. *Id.*; *see also* Exhibits 1A-C, 3, and 3A.

After following Plaintiff into the walk-in cooler, Defendant forcefully and loudly commanded Plaintiff to show his hands. Def. Aff. ¶¶ 13-14. Plaintiff complied. *Id.* Defendant

---

[1]The following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

2

was able to easily handcuff Plaintiff.  *Id.*  Defendant assisted Plaintiff in standing up.  *Id.*  During the course of the arrest, Defendant did not stomp on Plaintiff or slam him into the floor.  Def. Aff., ¶¶ 12-15; Exhibits 1C, 2, 3, 3A, and 4.

Other than scrapes to his nose and side, Plaintiff was not injured during the course of his arrest.  Exhibits 1C, 2, 3, 3A, 4, 5, and 5A.  Plaintiff refused medical treatment despite the fact that EMT's were called to the scene minutes after he was arrested.  Exhibit 4.

Any injuries Plaintiff might have had to his ribs were sustained well before the day he was arrested by Defendant.  Exhibits 5, 5A, and 5B.

### III.   Analysis

#### A.  Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> **b. Response.**  Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court.  Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendant filed the pending Motion on January 22, 1010.  Docket No. 30.  Plaintiff has failed to respond to Defendant's Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.**  Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed.  Each disputed fact must be supported by a citation

3

>> to the record. ...
>
> . . .
>
> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendant's Concise Statement of Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendant is entitled to a judgment as a matter of law.

## B.  Motion for Summary Judgment

It would be inappropriate to grant Defendants' Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendants have met their burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

4

entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

## C.  42 U.S.C. § 1983

Plaintiff alleges violations of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983.

*See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**D.  The Case at Bar**

As has been noted, Plaintiff alleges that Defendant violated his Fourth Amendment rights pursuant to 42 U.S.C. § 1983.

As an initial matter, absent a deprivation of Plaintiff's rights under federal law, Plaintiff cannot sustain a claim under 42 U.S.C. § 1983.

6

Case 3:09-cv-00563   Document 40   Filed 04/15/10   Page 6 of 8 PageID #: 139

It is undisputed that Plaintiff was burglarizing a Sav-A-Lot grocery store; that Defendant followed Plaintiff into a walk-in cooler in the grocery store; that Defendant forcefully and loudly commanded Plaintiff to show his hands; that Plaintiff complied; that Defendant was able to easily handcuff Plaintiff; that Defendant assisted Plaintiff in standing up; and that, during the course of the arrest, Defendant did not stomp on Plaintiff or slam him into the floor.

It is also undisputed that, other than scrapes to his nose and side, Plaintiff was not injured during the course of his arrest, and that Plaintiff refused medical treatment despite the fact that EMT's were called to the scene minutes after he was arrested.

Given these undisputed facts, Plaintiff cannot establish that Defendant violated his Fourth Amendment rights. Accordingly, Plaintiff cannot sustain an individual capacity claim against him, and Defendant is entitled to a judgment as a matter of law.

In as much as Plaintiff seeks to impose liability upon Defendant in his official capacity, Defendant cannot be held liable under § 1983 if there is no underlying constitutional violation. *See, e.g. City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Accordingly, Plaintiff likewise cannot sustain § 1983 claims against Defendant in his official capacity.

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED.[2]

The undersigned further recommends that the Court should not certify any appeal of the instant Report and Recommendation, if adopted by the Court, as being taken in good faith under

---

[2] Judge Campbell has previously entered an Order dismissing Plaintiff's claims against Defendant City of Springfield Police Department. Docket No. 5. Defendant Head is the only remaining Defendant.

7

29 U.S.C. § 1915(a)(3).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                          E. CLIFTON KNOWLES
                                           United States Magistrate Judge